IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TERRY KERR,<br><br>Plaintiff,<br><br>vs.<br><br>ST. VINCENT HEALTHCARE,<br><br>Defendant. | CV 15-29-BLG-SPW-JCL<br><br>FINDINGS AND<br>RECOMMENDATION |

Before the Court is Defendant St. Vincent Healthcare's Fed. R. Civ. P. 56 motion for summary judgment on Plaintiff Terry Kerr's remaining defamation claim, and it requests dismissal of this action. For the reasons discussed, the Court recommends St. Vincent Heathcare's summary judgment motion be granted, and that this action be dismissed.

**I.  Background**

This action has its genesis in medical treatment received by Plaintiff Terry Kerr at St. Vincent Healthcare Hospital, in Billings, Montana, in March of 2013. Kerr states that the initial reason for his visit to the hospital was for the purpose of removing a blood clot in his leg. As discussed in the Court's recommendation entered October 21, 2015, Kerr alleged the medical personnel intentionally injured

1

him during the medical procedures and caused damage to him. Thus, he alleged St. Vincent Healthcare was liable for assault and battery. But by Order entered January 4, 2016, the Court dismissed Kerr's assault and battery claims.

There remains for resolution, however, Kerr's allegations of defamation. Kerr alleges an unidentified nurse told him his blood clot had been removed during the medical procedures when, in fact, it had not. That nurse allegedly told Kerr's sister that Kerr was "out of his mind" and needed to be committed to a mental hospital. Therefore, Kerr alleges the nurse committed slander and is liable for defamation.

## II. Applicable Law

### A. Summary Judgment Standards

Federal Rule of Civil Procedure 56(a) entitles a party to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A movant may satisfy this burden where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 251 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation

omitted).

A party moving for summary judgment who does not have the burden of persuasion at trial, must produce evidence which either: (1) negates an essential element of the non-moving party's claim, or (2) shows that the non-moving party does not have enough evidence of an essential element to ultimately carry his burden at trial. *Nissan Fire & Marine Ins. Co. Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

Once the moving party has satisfied its burden, the non-moving party must go beyond the pleadings and identify through affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue [of material fact] for trial." *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986). The non-moving party must identify sufficient evidence that would allow a reasonable fact-finder to find in his favor. *Coleman v. Quaker Oats Company*, 232 F.3d 1271, 1287 (9th Cir. 2000).

The summary judgment procedures do not permit the court to weigh the evidence or make credibility determinations, and the court must construe all facts in the light most favorable to the non-moving party. *Nelson v. City of Davis*, 571 F.3d 924, 928 (9th Cir. 2009) (citation omitted).

## B. Pro Se Litigant Standards

Kerr is prosecuting this action pro se. Therefore, the Court must construe his pleadings and papers liberally, and his pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, in summary judgment proceedings a pro se litigant's filings must be construed liberally. *Frost v. Symington*, 197 F.3d 348, 352 (9th Cir. 1999) (citing *Franklin v. Murphy*, 745 F.2d 1221, 1235 (9th Cir. 1984)).

## III. Discussion

### A. Respondeat Superior - Scope of Employment

St. Vincent Healthcare moves for summary judgment dismissing Kerr's defamation claim because he has not named the nurse who allegedly defamed him as a defendant. And, so the argument goes, St. Vincent Healthcare cannot be held liable under the doctrine of respondeat superior for the intentional tort of defamation committed by its employee. (Doc. 45 at 4.) In substance, St. Vincent Healthcare contends the nurse committed the alleged conduct while acting outside the scope of the nurse's employment. But because Kerr's response brief fails to satisfy his summary judgment burden to demonstrate the nurse was acting within

the scope of her employment, St. Vincent Healthcare's motion should be granted.

St. Vincent Healthcare is correct in its argument that because Kerr has not named the subject nurse as a party defendant in this action, it could only be held liable for the nurse's alleged defamation under the doctrine of respondeat superior. The doctrine operates under the law of agency to render "the consequences of one person's actions [attributable] to another person." *Denke v. Shoemaker*, 198 P.3d 284, 301 (Mont. 2008).[1] Thus, under the doctrine, liability can be imposed against an employer based solely on the acts of an employee. *Id*.

But an employer can be vicariously liable only when the employee's acts or omissions were taken "within the scope of his or her duties to the employer." *Denke*, 198 P.3d at 301 (citations and quotations omitted). In those circumstances, "when the servant acts it is as if the master were acting." *Kornec v. Mike Horse Mining & Milling Co.*, 180 P.2d 252, 256 (Mont. 1947).

The issue of whether a specific act of an employee was committed within the scope of employment is generally a question of fact to be resolved by the trier of fact. *Denke*, 198 P.3d at 302. But the issue may be resolved by the court as a matter of law "when only one legal inference may reasonably be drawn from the

---

[1] This Court's jurisdiction in this case is founded upon diversity of citizenship as provided by 28 U.S.C. § 1332. Therefore, the Court applies the substantive law of Montana – the forum state. *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1005 (9th Cir. 2001).

5

facts." *Id*.

To establish that certain conduct was committed within the scope of employment, and to impose liability upon an employer under the doctrine of respondeat superior,

> [t]he servant or agent must have been acting in the "course of his employment," in "furtherance of his employer's interest," or "for the benefit of his master;" "in the scope of his employment," etc. But a servant who acts entirely for his own benefit is generally held to be outside the scope of his employment and the master is relieved of liability.

*Maguire v. State*, 835 P.2d 755, 758 (Mont. 1992) (citation omitted).

> "(1) To be within the scope of the employment, conduct must be of the same general nature as that authorized, or incidental to the conduct authorized. (2) In determining whether or not the conduct, although not authorized, is nevertheless so similar to or incidental to the conduct authorized as to be within the scope of employment, the following matters of fact are to be considered: (a) Whether or not the act is one commonly done by such servants; (b) the time, place and purpose of the act; (f) [sic] whether or not the master has reason to expect that such an act will be done; and (I) [sic] the extent of departure from the normal method of accomplishing an authorized result."

*Keller v. Safeway Stores*, 108 P.2d 605, 610 (Mont. 1940) (quoting *Restatement of the Law of Agency* § 229)).

In the *Kornec* case, an employee, while working for the Mike Horse Mining and Milling Co., assaulted a private individual who attempted to prevent the employee from performing his job. The employer was previously aware that the private individual might attempt to interrupt the work when it assigned the

6

employee to perform the work. Under those circumstances, the Montana Supreme Court concluded there was sufficient evidence to support the jury's finding that the employee committed the assault while engaged in his employer's business, and in furtherance of that business and the employer's interests. This was so due, in part, to the existence of a known, long-standing controversy between the private individual and the employer. *Kornec*, 180 P.2d at 256-57. The work constituted employment that was known to the employer to likely bring the employee into conflict with the individual. *Id*. at 257.

In contrast, in the *Maguire* case, an employee assaulted and raped a patient at a mental health facility. The Montana Supreme Court determined the rape was outside the scope of the employee's employment because, in substance, the conduct was solely for the employee's own benefit and not in furtherance of the employer's business. Therefore, the court concluded the employer could not be held liable for the intentional or criminal acts of an employee committed outside the scope of employment. *Maguire*, 835 P.2d at 758-60.

In responding to St. Vincent Healthcare's summary judgment motion arguing it cannot be held liable for the nurse's conduct, Kerr does not present or identify any evidentiary materials which suggests the nurse – by stating to Kerr's sister that Kerr is "out of his mind" and should be committed to a mental hospital

7

– was acting within the scope of his or her employment. There exists no evidence demonstrating such statement was made for the benefit of St. Vicent Healthcare or in furtherance of its interest. The record does not suggest the nurse was authorized by St. Vincent Healthcare to make the statement, or that the statement was incidental to the nurse's authorized conduct. Kerr failed to demonstrate the statement is one which is commonly made by St. Vincent Healthcare employees, that it does not constitute a departure from the normal, authorized tasks of a nurse, or that St. Vincent Healthcare would have had reason to expect the nurse would make the statement. Instead, the circumstances suggest the nurse made the statement on his or her own volition, for his or her own benefit, and not in furtherance of the employer's business. Therefore, St. Vincent Healthcare cannot be held liable for the nurse's alleged statement.

> B. **<u>Non-Defamatory Opinion Statement</u>**

Alternatively, St. Vincent Healthcare argues the nurse's statement was nothing more than an expression of an opinion which, as a matter of law, is not actionable as defamation. The Court agrees.

Under Montana law, verbal defamation is "slander" which is defined as follows:

Slander is a false and unprivileged publication other than libel that:

> (1) charges any person with crime or with having been indicted, convicted, or punished for crime;
>
> (2) imputes in a person the present existence of an infectious, contagious, or loathsome disease;
>
> (3) tends directly to injure a person in respect to the person's office, profession, trade, or business, either by imputing to the person general disqualification in those respects that the office or other occupation peculiarly requires or by imputing something with reference to the person's office, profession, trade, or business that has a natural tendency to lessen its profit;
>
> (4) imputes to a person impotence or want of chastity; or
>
> (5) by natural consequence causes actual damage.

Mont. Code Ann. § 27-1-803.

As a threshold matter, a court must first assess "whether a communication is capable of bearing a particular meaning; and ... whether the meaning is defamatory." *McConkey v. Flathead Electric Cooperative*, 125 P.3d 1121, 1129-30 (Mont. 2005) (citation and quotation omitted). Thus, even if a particular statement is false, if the statement is not capable of bearing a defamatory meaning, then issue of whether the statement is false need not proceed to the jury. *Id*.

The test for defamatory meaning is stringent. *McConkey*, 125 P.3d at 1130. For spoken words to qualify as defamatory, they:

> must be of such nature that the court can presume as a matter of law that they will tend to disgrace and degrade [the plaintiff] or cause him to be shunned and avoided. It is not sufficient, standing alone, that the language

9

is unpleasant and annoys or irks him, and subjects him to jests or banter, so as to affect his feelings.

*Id*. (quoting *Wainman v. Bowler*, 576 P.2d 268, 271 (Mont. 1978)). Thus, under this stringent test, "sarcastic and hyperbolic statements" do not qualify as defamation. *Id*. And more specifically, "a basic principal in the law of defamation is that an expression of opinion generally does not carry a defamatory meaning and is thus not actionable." *McConkey*, 125 P.3d at 1130 (citation omitted).

The statements challenged by Kerr were merely expressions of the nurse's opinion. As alleged, the nurse was apparently of the opinion that Kerr was "out of his mind" based on what he was "telling his sister about what happened to him" at the hospital and, therefore, the nurse believed Kerr should be committed to a mental hospital. (Doc. 7 at 9.) In this context, the common expression "out of his mind" is an idiom or figure of speech expressing an intangible opinion about someone based upon the person's behavior.

Even so, it is possible that an opinion statement could be defamatory if it does not disclose the facts upon which it is based, and the circumstances of the statement create a reasonable inference that the statement is based upon undisclosed defamatory facts. *McConkey*, 125 P.3d at 1131. In responding to the summary judgment motion, Kerr does not suggest that any inferred facts exist on which the statement was based and which were not disclosed. As alleged, the

10

nurse's statement was instead based upon Kerr's conduct in telling his sister about what happened to him at the hospital. Therefore, there exists no reasonable inference that the nurse's opinions were based on undisclosed defamatory facts. Therefore, the Court concludes, as a matter of law, that the nurse's statement does not carry a defamatory meaning.

## IV. Conclusion

Based on the foregoing, the Court recommends St. Vincent Healthcare's summary judgment motion be GRANTED, and this action be DISMISSED.

DATED this 29th day of February, 2016.

Jeremiah C. Lynch
United States Magistrate Judge